**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GEORGE VASQUEZ,  :
 : Civil Action No. 07-3754(KSH)
    Plaintiff, :
 :
 :
    v. : **OPINION**
 :
LISA JANTZ, et al., :
 :
    Defendants. :

**APPEARANCES**:

    GEORGE VASQUEZ, Plaintiff pro se
    #435084
    3-Wing #318
    Northern State Prison
    168 Frontage Road
    Newark, New Jersey 07114

**HAYDEN**, District Judge

    Plaintiff George Vasquez ("Vasquez"), currently confined at the Northern State Prison in Newark, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I.   BACKGROUND

Vasquez brings this action against defendants, Lisa Jantz, a Disciplinary Hearing Officer ("DHO") at Northern State Prison ("NSP"), and Lydell B. Sherrer, Administrator at NSP. (Complaint, Caption and ¶¶ 4(b) and 4(c)). The following factual allegations by plaintiff are taken from the Complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

Vasquez complains that defendants violated his Fourteenth Amendment right to due process by not providing him with a timely disciplinary hearing within three (3) days, as prescribed by New Jersey state regulations. On September 16, 2005, Vasquez had absconded from the minimum security camp at NSP. He was found and returned to NSP on April 20, 2006. At that time he was placed in pre-hearing detention to await his disciplinary hearing. The disciplinary hearing took place on May 12, 2006. Vasquez was found guilty on the institutional charge of escape,

and was sanctioned to an aggregate term of four (4) years in administrative segregation and four years loss of computation credits. (Compl., ¶ 6).

Plaintiff appealed the administrative decision to the Superior Court of New Jersey, Appellate Division. The Appellate Division affirmed the disciplinary finding and sanctions, and the New Jersey Supreme Court denied certification. (Compl., ¶ 6).

Vasquez asks that this Court reverse the judgment of the New Jersey Appellate Division, vacate the sanctions imposed, and remand for restoration of commutation credits and expungement of the disciplinary finding.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the

plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading

4

requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III. SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting

5

under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV.  ANALYSIS

The Complaint alleges that Vasquez was denied due process with respect to the May 2006 disciplinary proceedings against him.  The only due process violation asserted by plaintiff is the fact that his disciplinary hearing occurred 22 days after he was placed in disciplinary detention and not the three (3) days allegedly prescribed under New Jersey state regulations.

To support this denial of procedural due process claim, Vasquez must demonstrate that the procedures afforded him fell short of the requirements enunciated in Wolff v. McDonnell, 418 U.S. 539 (1974).[1]  Jackson v. Johnson, 15 F. Supp.2d 341, 351 (S.D.N.Y. 1998).  See Sandin v. Conner, 515 U.S. 472, 487 (1995).

In Wolff v. McDonnell, the Supreme Court set forth the requirements of due process in prison disciplinary hearings.  An inmate is entitled to (1) written notice of the charges and no less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the

---

[1] In Wolff, the Supreme Court held that, while prisoners retain certain basic constitutional rights, including procedural due process protections, prison disciplinary hearings are not part of criminal prosecution, and an inmate's rights at such hearings may be curtailed by the demands and realities of the prison environment.  Id. at 556-57; Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991).

6

reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 563-71. However, inmates do not have an absolute federal constitutionally-protected right to confront and cross-examine witnesses at their prison disciplinary hearings. Id. at 567-68. See also Baxter v. Palmigiano, 425 U.S. 308, 321-22 (1976); Young v. Kann, 926 F.2d 1396, 1404 (3d Cir. 1991); Sanchez v. Roth, 891 F. Supp. 452, 458-59 (N.D.Ill.1995); Harrison v. Pyle, 612 F. Supp. 850, 854-55 (D. Nev. 1985).

In this case, Vasquez admits that he raised a due process violation claim on appeal before the New Jersey Appellate Division. The state court affirmed the DHO's disciplinary findings and sanctions. Accordingly, it would appear that the Appellate Division had determined that Vasquez was afforded due process.

This Court likewise finds that Vasquez was afforded all of the procedural due process rights established under Wolff. Wolff requires only that 24-hour notice of charges be given to an inmate before his disciplinary hearing. There is no due process requirement that a hearing be held in exact accordance with the time period specified by the applicable New Jersey statutes. See Burgos v. New Jersey State Parole Board, 2000 WL 33722126, *8 (D.N.J. Aug. 7, 2000)(parole hearings). In addition, while

delay for an extended period of time may violate an inmate's due process rights, "procedural errors are generally cured by holding a new hearing in compliance with due process requirements." Id. at *8-9.  See also Johnson v. Paparozzi, 219 F. Supp2d 635, 642 (D.N.J. 2002).  Therefore, to the extent plaintiff claims that he was denied due process because his disciplinary hearing was held 22 days after he was returned to prison (rather than within 72 hours after notice of charges as allegedly provided under state regulation), Vasquez fails to state a cognizable claim of constitutional dimension.[2]

---

[2]   Furthermore, the Supreme Court has held that the requirements of procedural due process are met if findings of the prison disciplinary board are supported by some evidence in the record.  Superintendent v. Hill, 472 U.S. 445, 454-55 (1985); Young v. Kann, 926 F.2d 1396, 1402-03 (3d Cir. 1991).  The Supreme Court has stated:
> Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances.  The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact.  Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.

Hill, 472 U.S. at 456 (internal citations omitted).  The Court expressly stated:  "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.  Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." Id. at 457.

Here, Vasquez does not assert that the charges are false or that there was no evidence to support the disciplinary finding itself.  In fact, in the Complaint, Vasquez admits that he escaped from the minimum security camp.

Finally, Vasquez seeks to have his commutation credits restored and his disciplinary record expunged. This remedy suggests that plaintiff is attempting to reverse the May 12, 2006 disciplinary finding and restore good conduct time accordingly. Such a claim is barred by <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973), because the relief sought presumes plaintiff's immediate or speedier release from prison and therefore, is not cognizable under § 1983, but instead, should be raised in a habeas proceeding.

Therefore, the Complaint, which alleges denial of procedural due process in plaintiff's prison disciplinary proceedings, will be dismissed for failure to state a claim upon which relief may be granted.

## V.   <u>CONCLUSION</u>

For the reasons set forth above, the Complaint will be dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). An appropriate order follows.


/s/Katharine S. Hayden
KATHARINE S. HAYDEN
United States District Judge

Dated: 11/30/07